UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA KENNEY,
    Plaintiff,

-vs.-                                **DEMAND FOR JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC.
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Linda Kenney through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is NCO Financial Systems, Inc. ("NCO") which is a Pennsylvania company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff's brother, Brian Horsch.

7. Defendant is calling Plaintiff from 609-373-1904.

8. On or about April 18, 2012, Defendant called Plaintiff four times on her home phone, which is a landline.

9. On or about April 18, 2012 at 8:32 a.m., Defendant called Plaintiff.

10. Plaintiff could not understand Defendant, so she called it back. During this conversation, Plaintiff told Defendant she does not have a Capital One account and neither did anyone who lives with her.

11. Also during this conversation, Plaintiff told Defendant that she thought they were looking for someone else.

12. Plaintiff asked Defendant to stop calling her. Defendant told Plaintiff that her number would be removed immediately.

13. On or about April 18, 2012 at 11:39 a.m., Plaintiff received another call from Defendant. This was an automated recording directing her to stay on the line. After about a minute or so, Defendant picked up the phone and hung it up.

14. Plaintiff then called Defendant back and again directed Defendant to stop calling her over an account she does not owe.

15. Plaintiff told Defendant that they were calling for Brian Horsch's account, not hers.

16. Plaintiff told Defendant that they are calling her number, it is not Brian Horsch's number, and that he has no authorization to use her phone. Defendant said to Plaintiff, "It will take 24-72 hours to remove your phone number, Linda Kenney."

17. On or about April 18, 2012 at 5:46 p.m., Plaintiff received another automated call from Defendant. Defendant picked up the phone and hung it up again.

18. Plaintiff then called Defendant back. Plaintiff told Defendant that she is being represented by Nitzkin & Associates and gave them our contact information. Plaintiff asked Defendant again not to call her.

19. Plaintiff received yet another phone call from Defendant on April 18, 2012 at 7:35 p.m. from a live person.

20. During this conversation, there was a lot of laughing in the background.

21. Defendant spoke in an odd voice which sounded like she was mocking Plaintiff. She said, "Hello, is Brian there?" in a sarcastic tone. She laughed again and then hung up on Plaintiff.

22. Plaintiff has suffered damages on account including statutory, actual and emotional damages on account of the Defendant's actions.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates the preceding allegations by reference.

24. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

28. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

31. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

33. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

34. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

35. Plaintiff incorporates the preceding allegations by reference.

36. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

37. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

38. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

39. Plaintiff has suffered damages as a result of these violations of the MCPA.

40. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

                                            /s/ Gary Nitzkin

May 3, 2012                            GARY D. NITZKIN  P41155
                                            MICHIGAN CONSUMER CREDIT LAWYERS
                                            Attorneys for Plaintiff
                                            22142 West Nine Mile Road
                                            Southfield, MI 48033
                                            (248) 353-2882
                                            Fax (248) 353-4840
                                            Email – gary@micreditlawyer.com